(88 South. 854)

### GILMER BROS. CO., Inc., v. WILDER MERCANTILE CO. (4 Div. 917.)

(Supreme Court of Alabama. April 7, 1921. Rehearing Denied May 12, 1921.)

1. Sales ⏀23(4) — Order, accepted on sole condition that customer's credit standing prove satisfactory, could not be altered.

Where, after their traveling salesman took an order, plaintiffs at their home office advised defendants it would be necessary that they hold the order pending completion of credit investigation, and that as soon as they received the information they would advise defendants as to accepting the order, such letter constituted an acceptance on the sole condition that defendants' credit standing prove satisfactory, and, nothing unsatisfactory in such respect appearing, plaintiffs had no right or authority, 25 days thereafter, to change or alter the contract by notifying defendants as to acceptance and shipment of part of the goods and declining to ship the rest because withdrawn from sale during the credit investigation.

2. Sales ⏀23(4)—Acceptance of offer, coupled with material change which is accepted, effects a new contract.

When an offer or order is made, and the acceptance is coupled with a material change, and the contract as thus modified is accepted or the goods are accepted, there is a new contract, and the vendee cannot rely on his original offer as constituting the contract.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Assumpsit by Gilmer Brothers Company, Incorporated, against the Wilder Mercantile Company. Transferred from the Court of Appeals under section 6 of the Act of 1911, p. 449. Judgment for the defendant, and plaintiff appeals. Affirmed.

One J. B. Carver, representing the Gilmer Bros. Company, took an order from the Wilder Mercantile Company for 40 pieces Riverside plaids, two cases, 20 pieces each, Twin Cities zephyrs, and one case Silver Lake ginghams. These orders were marked, "Accepted Gilmer Brothers Company, Commission and Brokerage Department, by J. B. Carver." In October they wrote Wilder Mercantile Company as follows:

"We beg to acknowledge receipt of your valued order as placed with our Mr. Carver and same is having our prompt attention. As this is your first order, it will be necessary that we hold same a few days pending completion of credit investigation by our credit department. Just as soon as we receive this information, we will advise you as to accepting your order. Thanking you very much for this business, we are, Yours truly," etc.

On October 25th, plaintiff also wrote the following letter to the Wilder Mercantile Company:

"We are to-day entering part of your orders, sent in by Mr. Carver, September 24th. We are very sorry to state that your order for Silver Lake ginghams and Twin Cities zephyrs cannot be accepted. These goods have been withdrawn from sale, as your order was held in our credit department for several days for credit information. We are giving the balance of your order that can be accepted our best attention," etc.

In May following the Wilder Mercantile Company wrote plaintiff, insisting upon the shipment of the order, offering to put the money in the bank, and also stating that they had not bought these goods elsewhere, as they were relying on them for shipment. The evidence showed that the price of the goods not shipped had advanced some 7 cents a yard between the time of the order and the date of trial.

The following charges were refused to the appellant: (1, 2) Affirms the charge to find for the plaintiff; (3) affirms the charge not to find for the defendant on his plea of set-off.

Thigpen, Murphy & Jones, of Andalusia, for appellant.

There can be no contract until all the terms are agreed upon. 138 Ala. 235, 35 South. 46; 117 Ala. 480, 23 South. 67; 204 Ala. 415, 85 South. 723; 204 Ala. 59, 85 South. 719; 35 Cyc. 55. Orders taken by traveling salesman are not binding contracts until accepted by the principal. 147 Ala. 290, 39 South. 907. The letter acknowledging the order was not an unqualified acceptance as would bind the seller to fill the order. 112 Ala. 663, 20 South. 978; 23 R. C. L. 1289. The later letter submitted a counter proposal and became binding on all parties when the goods shipped thereunder were accepted by the buyer. Authorities supra.

A. R. Powell, of Andalusia, for appellee.

The failure to promptly repudiate the order, which was marked "accepted" in the seller's name by his agent, was a ratification of the acceptance. 10 Ala. 755, 44 Am. Dec. 505; 68 Ala. 170; 71 Ala. 271; 65 Ala. 113; 18 Ala. 270; 144 Ala. 545, 39 South. 359; 118 Ala. 617, 24 South. 349, 72 Am. St. Rep. 189; 2 C. J. 493. The letter raised no question as to the agent's authority, but simply the question of credit, and this was a ratification. 34 Misc. Rep. 535, 69 N. Y. Supp. 964.

ANDERSON, C. J. [1] It may be conceded that the sale made by Carver, the appellant's traveling salesman, did not become binding upon it until accepted by the proper authority at the home office, but the letter of October 1, 1917, acknowledging receipt of the order, was in effect the acceptance of said order as then given, with the sole condition or proviso that the investigation of defendant's credit standing would be found satisfactory. True, the letter concludes by saying:

"Just as soon as we receive this information we will advise you as to acceptance of your order."

Taking this, however, in connection with the entire letter, it could mean nothing more than the acknowledgment of the order and the acceptance of same, provided the defendant's credit standing proved satisfactory, and as to which the defendant would be notified after the investigation of same. The acceptance having therefore been made with the sole condition that the defendant's credit standing proved satisfactory, and which did so prove, so far as this record discloses, the plaintiff had no right or authority 25 days thereafter to change or alter the contract by its letter of October 25, 1907, by notifying as to acceptance and shipment of part of the goods and declining to ship the rest because withdrawn from sale during the credit investigation, and which was no doubt done for the obvious reason that the omitted articles had enhanced in price between the original acceptance and the attempted modification of the contract.

[2] The case of Lawrenceburg Mills v. Jones & Co., 204 Ala. 59, 85 South. 719, in no wise conflicts with this holding. There the order was sent in subject to seller's acceptance, and it was accepted with the reservation or condition that shipments should be

subject to seller's option. Nor do we question the soundness of the proposition that when an offer or order is made and the acceptance is coupled with a material change and the contract as thus modified is accepted or the goods are accepted, that there is a new contract, and the vendee cannot rely upon his original offer as constituting the contract. But here we have no modification in the acceptance or counter offer, but an acceptance of the order, provided the defendant's credit standing is found to be satisfactory and an attempted modification of the order 25 days after the acceptance of same.

The trial court did not err in refusing the plaintiff's requested charges 1, 2, and 3. They are, in effect, affirmative instructions against the defendant's cross-demand for a breach of the contract.

The judgment of the Circuit Court is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.